**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 10-10064 |
| Plaintiff-Appellee, | D.C. No. 4:08-cr-00773-PJH-1 |
| v. | |
| CYNTHIA P. CURRAN | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted September 13, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District
Judge.[**]

Cynthia P. Curran appeals the sentence imposed by the district court, following

her guilty plea to two counts of theft from an employee retirement plan, in violation

of 18 U.S.C. § 664, and two counts of filing two false forms, in violation of Title I of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, Cleveland, sitting by designation.

the Employee Retirement Income Security Act ("ERISA"), 18 U.S.C. § 1027. She maintains that the district court erred in finding that she had stolen money from her employees' pension plan accounts during the six years preceding and the two years following the year that encompassed the charged criminal conduct; that the loss amount for those years should be included as relevant conduct; and that the total loss amount for which she was responsible was $241,207.54. She argues that the district court also erred by failing to provide to her, prior to sentencing, the summary of losses contained in the Probation Officer's report as required by the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3664(b), and by failing to consider her financial condition when imposing restitution.

We review the district court's factual findings for clear error and the district court's application of the law to the facts for abuse of discretion. *See United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008). We affirm the district court's sentencing and restitution order.

I.

The district court did not commit clear error in finding by clear and convincing evidence that Curran had stolen money from her employees' pension plan accounts during the six years preceding and two years following the years that encompassed the charged criminal conduct. *See United States v. Lambert*, 498 F.3d 963, 966 (9th Cir.

-2-

2007); *United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010). Further, the district court did not abuse its discretion when it determined that the loss amount was properly includable as relevant conduct in the case. *See Lambert*, 498 F.3d at 966; *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007). The district court did not commit clear error in finding that the loss amount was $241,207.54. *See Lambert*, 498 F.3d at 966.

## II.

Because Curran did not object, we apply the plain error standard in determining whether the judgment of the district court regarding the restitution amount should be reversed. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 730-36 (1993). The district court did not commit plain error by failing to follow the procedures set forth in § 3664(b). Under the plain error standard, relief is only warranted if there was an (1) error, (2) that was plain, (3) that "affected substantial rights," and (4) "seriously affected the fairness, integrity, or public reputation of [the] judicial proceedings." *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). We find that the district court erred in not providing the defense with the summary of losses, prior to sentencing, in violation of § 3664(b) of the MVRA. However, Curran has not shown that this error has prejudiced her by affecting her substantial rights with respect to the restitution order. *See Olano*, 507 U.S. at 734 (to show plain error, "the

defendant rather than the Government . . . bears the burden of persuasion with respect to prejudice"). The Probation Officer's summary of losses merely tabulated the loss amounts, which in light of the prolonged nature of the litigation was not a surprise to anyone. Further, the restitution amount was based largely on the Government's proffered loss amount stated within its Sentencing Memorandum. As a result, Curran was aware or should have been aware of the nature, extent, and amount of possible losses the district court would be considering.

The district court did not abuse its discretion by failing to consider Curran's financial condition in determining the proper amount of restitution. The Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663, gives courts the authority to grant restitution to victims of a convicted defendant for certain crimes. In 1996, Congress supplemented the VWPA by enacting the MVRA, 18 U.S.C. § 3663A, which requires the imposition of full restitution, without consideration of the defendant's economic condition, for crimes of violence and property offenses, including any offense committed by fraud or deceit. *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003); *see also* 18 U.S.C. § 3664(f)(1)(A). The crimes committed by Curran were indisputably committed by fraud or deceit and thus, the MVRA applies to the determination of her restitution.

Although the court could not consider Curran's financial condition in imposing restitution, it must do so when fashioning a payment schedule for it. 18 U.S.C. §

3664(f)(2). However, the district court was not required to make any explicit findings as to Curran's financial condition. In the case of nominal payments, this court has approved similar payment schedules without regard to the defendant's financial condition. *See, e.g., United States v. Van Alstyne*, 584 F.3d 803, 820-21 (9th Cir. 2009) (finding that a payment of $25 per quarter was nominal). Thus, given the fairly nominal nature of the restitution payments of $25 per month while incarcerated and $50 per month while on supervised release, the payment schedule the court ordered was not an abuse of discretion.

**AFFIRMED.**